1  PHILLIP A. TALBERT
   United States Attorney
2  NICOLE MOODY
   Special Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone: (916) 554-2700
   Facsimile: (916) 554-2900
5
   Attorneys for Plaintiff
6  United States of America

7

8                IN THE UNITED STATES DISTRICT COURT

9                 EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,          Case No. 2:24-MJ-0082-AC

12                    Plaintiff,
                                       STIPULATION AND [PROPOSED] PROTECTIVE
13            v.                       ORDER REGULATING DISCOVERY

14  JAVIER AGUILERA ROSAS

15                    Defendants.

16

17        Pursuant to Federal Rule of Criminal Procedure 16(d), the United States, by and through Special

18  Assistant U.S. Attorney NICOLE MOODY, Defendant JAVIER AGUILERA ROSAS, by and through

19  his counsel of record, MICHAEL HEUMANN ("Defense Counsel"), stipulate and agree, and

20  respectfully request that the Court order as follows:

21        1.      This Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of

22  Criminal Procedure, and its general supervisory authority.

23        2.      The Government has in its possession discovery that may be required under its discovery

24  obligations, but even if not required, may facilitate the Defendants' trial preparation.

25        3.      Some of this discovery material consists of documents and photographs that contain

26  personal identifiable information (PII), including individuals' names, social security numbers, dates of

27  birth, and addresses.

28        4.      Any discovery containing PII will be considered "Protected Material" as described in this

stipulation and order, as will any other discovery marked as Protected Material.

5.     The purpose of this stipulation and order is to establish the procedures that must be followed by Defense Counsel, any designated employees, and any other individual who receives access to any Protected Material in this case and the information therein.

6.     The Government shall produce the Protected Material to Defense Counsel, designating the discovery with the bates prefix, "ROSAS_PM_."  This discovery, and any subsequent material discovered by the Government to Defense Counsel using the bates-prefix, shall be considered Protected Material.

7.     All Protected Material in this case is now and will forever remain the property of the Government.  It is entrusted to Defense Counsel only for purposes of representing his Defendant during the pendency of this case.

8.     Defense Counsel shall not give any Protected Material to any person other than Defense Counsel's staff assisting in preparation of the present case.  The term "staff" shall explicitly include only attorneys, paralegals, legal assistants, retained experts, and investigators assisting Defense Counsel in the present matter.  The term excludes any other defendant in this matter (uncharged or otherwise) or any other pending matter against the Defendants; any person involved in any case in which discovery concerning the Defendants is produced; and any other person other than those specifically authorized to see Protected Material under this paragraph.

9.     Any person receiving access to the Protected Material from Defense Counsel shall be bound by the same obligations as Defense Counsel and, further, may not give any Protected Material to anyone.

10.     No members of any of the Defendants' family, friends of the Defendants, personal or professional associates of the Defendants, or any other person affiliated with the Defendants shall be given access to any Protected Material or its contents in any manner, for any reason.

11.     Defense Counsel may make copies of Protected Material and may take written or typed notes summarizing it in connection with preparation of the case.  If necessary to the litigation of the instant matter, Defense Counsel may also have audio or video forms of Protected Material transcribed. All notes, copies, duplicates, summaries, transcripts, or other representations of or concerning the

information in the Protected Material comprises "Protected Material" itself, must be affixed with the corresponding bates numbers and the "Protected Material" ledger, and is subject to all terms of this stipulation and order.

12.     Defense Counsel shall maintain a list of persons to whom any Protected Material is being or has been given.  Such persons shall be provided with a copy of the executed version of this stipulation and order, shall sign their full names to a copy, and shall in writing acknowledge that they understand its terms and are bound by it.  If Defense Counsel is replaced for any reason, or if new counsel is appointed in any phase of the matter, the new counsel shall not have access to any Protected Material until and unless they sign a copy of this stipulation and order, under the terms described in this paragraph.

13.     Defense Counsel may use the Protected Material in the defense of his Defendant in the instant case in any manner deemed essential to adequately represent him (*i.e.*, in motions that are filed under seal, if necessary; in *ex-parte* applications as may be needed; and in reproducing and summarizing Protected Material for use in trial preparation summaries, exhibits and as evidence, as may be needed), consistent with this stipulation and order as it shall be originally prepared and signed.

14.     In the event Defense Counsel needs to use any Protected Material in a manner not authorized under this stipulation and order, Defense Counsel is entitled to seek to have this stipulation and order amended by the District Court, after having given notice to counsel for the Government, in a hearing before the District Court, in order to meet the obligations under the Sixth Amendment to the United States Constitution.

15.     Defense Counsel and any authorized members of Defense Counsel's staff are authorized to review with the Defendant the contents of the Protected Material.  Defense Counsel and authorized members of his staff, however, are prohibited from in any way giving the Defendant any Protected Material or any memorialization of the content of any of it, such as: any of the Protected Material itself; copies of any of the Protected Material; copies of excerpts of any of the Protected Material; or

///
///
///
///

1   summaries of any of the Protected Material.  This prohibition will not extend to the Defendant viewing

2   the Protected Material in open court should any of these materials or summaries thereof be used in the

3   litigation of this case.

4                                                      Respectfully Submitted,

5                                                      PHILLIP A. TALBERT
                                                       United States Attorney
6

7   DATE: July 16, 2024                               /s/ NICOLE MOODY____
                                                       NICOLE MOODY
8                                                      Special Assistant U.S. Attorney

9

10  DATE: July 16, 2024                               /s/ MICHAEL HEUMANN
                                                       MICHAEL HEUMANN
11                                                     Counsel for Javier Aguilera Rosas

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>**O R D E R**</u>

Based upon the agreement of the parties and pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, the Court adopts the proposed stipulation regulating certain discovery in this case. IT IS HEREBY ORDERED that each of the terms described in the stipulation of the parties shall govern the Protective Material as defined in the stipulation in this case.

**IT IS SO ORDERED**.

Dated:  July 19, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE